IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01148-PAB-MJW

SHAWN A. JACKSON,

 Plaintiff,

v.

RICHARD WILEY, Warden,
SEAN JANSON, Lieutenant,
DAVID SCHIEFELBEIN, Physician,
ANTHONY OSAGIE, Physician,
JOSE ARROYO, Counselor, and
R. MARTINEZ, ISO,

 Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

  This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe filed on July 28, 2009 [Docket No. 20]. The Recommendation states that objections to the Recommendation must be filed within ten days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on July 28, 2009. No party has objected to the Recommendation.

  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 20] is ACCEPTED.

2. Plaintiff's Motion for Temporary Restraining Order; Preliminary Injunction and Declaratory Judgment [Docket No. 11] is DENIED.

DATED August 21, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).