IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01148-PAB-MJW

SHAWN A.  JACKSON,

Plaintiff,

v.

RICHARD WILEY, et al.,

Defendants.

---

**RECOMMENDATION
THAT ACTION BE DISMISSED FOR FAILURE TO PAY FILING FEE**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


        This case was referred to the undersigned pursuant to an Order of Reference

to United States Magistrate Judge by Judge Philip A. Brimmer on May 28, 2009.

(Docket No. 5).

        In an Order Directing Clerk to Commence Civil Action and Granting Plaintiff

Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial

Filing Fee, filed over one year ago on May 19, 2009 (Docket No. 2), Magistrate

Judge Boyd N. Boland directed, *inter alia*, that the plaintiff

        remains obligated to pay the full amount of the required $350.00 filing fee
        pursuant to 28 U.S.C. § 1915(b)(1).  It is

            FURTHER ORDERED that until the $350.00 filing fee is paid in full, Mr.
        Jackson shall make monthly payments to the Court of twenty percent of the
        preceding month's income credited to his account or show cause why he has
        no assets and no means by which to make each monthly payment.  Mr.
        Jackson is directed to make the necessary arrangements to have the monthly

payments identified by the civil action number on this Order.  In order to show cause, Plaintiff must file a current certified copy of his trust fund account statement.  It is

FURTHER ORDERED that if Mr. Jackson fails to have the appropriate monthly payment sent to the Clerk of Court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the action will be dismissed without prejudice and without further notice. . . . .

(Docket No. 2 at 2-3).

Despite the clear language of that Order with respect to the filing fee, the

plaintiff has merely submitted three copies of his account statement back in June,

July, and August 2009 (Docket Nos. 9, 19, and 25). Plaintiff has failed to comply with

the Order for the following ten months.  Consequently, on May 21, 2010, this court

issued an Order to Show Cause directing the plaintiff within two weeks of the date of

that Order to show cause in writing why this case should not be dismissed without

prejudice based upon his failure to comply with the Order filed on May 19, 2009.

(Docket No. 40).  More than two weeks have now passed since the date of that

Order to Show Cause, and no response has been received from the plaintiff.

"[D]ismissal represents an extreme sanction appropriate only in cases of willful

misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before

choosing dismissal as a just sanction, a court should ordinarily consider a number of

factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of

interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4)

whether the court warned the party in advance that dismissal of the action would be a

likely sanction for noncompliance."  Id. at 921.  Since the plaintiff is appearing pro se,

this court has "assess[ed] whether it might appropriately impose some sanction other

than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." Id. at 920 n.3.

Here, the court finds the following with respect to the Ehrenhaus factors. First, there is insufficient prejudice to the defendants to warrant dismissal. Second, there is interference with the judicial process because rather than attending to the merits of this and other cases on the court's docket, the court has been required to devote attention to plaintiff's failure to comply with a court order and with the requirements of 28 U.S.C. § 1915(b). In addition, plaintiff's conduct evidenced a lack of respect for the judicial process. Third, plaintiff is culpable because he failed to address his failure to show cause to court if he was unable to make monthly filing fee payments and did not respond to the Order to Show Cause. Fourth, the court twice warned the plaintiff of the possibility of dismissal if he failed to follow the court's orders, both in the Order Directing Clerk to Commence Civil Action and Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915 Without Payment of Initial Partial Filing Fee (Docket No. 2) and in the Order to Show Cause (Docket No. 40). Fifth, because plaintiff is proceeding in forma pauperis, a monetary sanction would be ineffective. Weighing these factors, dismissal is appropriate pursuant to Fed. R. Civ. P. 41(b). See Stanko v. Davis, 335 Fed.Appx. 744, 2009 WL 17844987 (10th Cir. June 24, 2009) (affirming dismissal without prejudice of federal inmate's civil action alleging violation of constitutional rights for inmate's failure to show cause why he had no assets permitting payment of monthly installment of filing fee).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Prisoner Complaint (Docket No. 3) be dismissed without prejudice.  If that recommendation is accepted, then it is further

**RECOMMENDED** that the Motion to Dismiss Prisoner Complaint (Docket No. 32) be denied as moot.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: June 14, 2010                                        s/ Michael J. Watanabe
     Denver, Colorado                            Michael J. Watanabe
                                 United States Magistrate Judge