IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01148-PAB-MJW

SHAWN A. JACKSON,

    Plaintiff,

v.

RICHARD WILEY, et al.,

    Defendants.
_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe filed on June 14, 2010 [Docket No. 41]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* 28 U.S.C. § 636(b). The Recommendation was served on June 14, 2010, and no party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 41] is ACCEPTED.  It is further

**ORDERED** that plaintiff's complaint [Docket No. 3] is DISMISSED without prejudice.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 32] is DENIED as moot.  It is further

**ORDERED** that judgment shall enter in favor of defendants and against plaintiff.

DATED July 12, 2010.

BY THE COURT:

s/ Philip A. Brimmer

PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).